TEXAS & PACIFIC RAILWAY COMPANY v. W. L. MYERS AND WIFE.

Decided January 6, 1910.

Negligence—Act of Foreman—Case Stated.

Evidence considered in the case of a bridge workman on a railway, killed by being struck by a train, which. is held not to show negligence on the part of the foreman in ordering the removal of a hand car from the track where the train was so close as to expose the workmen to danger in doing so. The obligation was to use ordinary care and this was to be judged by the circumstances of the emergency and the prospect of injury to persons and property by the failure to remove. The fact that the deceased became confused in a sudden emergency and so acted as to bring about an injury to himself which he might have avoided, is material to the question of his contributory negligence but not a thing which the foreman should have anticipated and guarded against.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*F. H. Prendergast* (*W. L. Hall,* of counsel), for appellant.

*S. P. Jones,* for appellees.—It was a question of fact for the determination of the jury as to whether the bridge foreman Waller was guilty of negligence in commanding the deceased to assist in removing the car from the track and keeping him at his work until the near approach of the train placed the deceased in a situation that would probably cause the deceased to become confused, and that it placed him in such peril that in endeavoring to extricate himself from the situation he was injured. Texas & P. Ry. Co. v. Lewis, 26 S. W., 873; International & G. N. R. Co. v. Tisdale, 39 Texas Civ. App., 372; Shearman & Redfield on Negligence, 5th ed., secs. 91, 186; International & G.. N. R. Co. v. Neff, 87 Texas, 303; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52; Thompson on Negligence, secs. 441-442, 3814-3815.

HODGES, ASSOCIATE JUSTICE.—The appellees in this suit are the father and mother of Charles Myers, who was killed by a collision with one of the appellant's trains on the evening of April 9, 1908. Charles Myers was a bridge workman in the employ of the appellant, and on the day of the accident had been engaged with other members of the crew in doing some bridge work east from the town of Woodlawn. After going a part of the way they observed a freight train approaching from the opposite direction, and by order of the foreman attempted to lift the hand-car from the track to permit the train to pass. In moving the car one of the men let his end drop, and one of the wheels hung behind the south rail, and the car was not taken clear from the track. Myers, it seems, attempted to cross from the south to the north side of the track, and in doing so was struck by the engine and instantly killed.

The negligence charged is that he, with the others, was required by the foreman to assist in removing the hand-car from the track at a time when the train was so near and approaching so rapidly as not to give sufficient time for the car to be removed and to enable Myers

to get out of the way of the approaching train; that the foreman continued to insist upon the car's being removed and attempted to remove the same until Myers attempted to leave the car and avoid danger of being injured by the train or the car, and that in passing out of the way of the train and the car he was, without any fault or negligence on his part, struck by the train, and received the injuries resulting in his death.

The only witnesses who testified upon the trial were Waller, the foreman of the bridge crew, and two of the workmen who were present at the time of the accident. According to the testimony of these witnesses, all of whom were introduced by the plaintiffs, they were expecting to meet the freight train, and the foreman had at intervals ordered the car stopped for the purpose of listening to ascertain if the train was approaching. In passing through a cut and around a curve they discovered the train, one of the witnesses says about 250 yards distant, another says about a quarter of a mile away. The foreman immediately ordered the men to their places for the purpose of removing the car from the track. They succeeded in getting it all· off with the exception of one wheel, which, on account of one of the men dropping his end, hung over the south rail. The train, they say, was approaching at the rate of 18 or 20 miles an hour. The testimony shows that Myers ceased his efforts to remove the car about the time the end was dropped; he then ran down the track east in the same direction in which the train was moving and on the same side of the track upon which the hand-car had been lifted. After going about 30 feet he stopped, retraced his steps, came back about 10 feet and attempted to cross over to the north side of the track, presumably for the purpose of being in a place of safety. Just as he reached the end of the ties on the north side he was struck by the pilot-beam, or some part of the locomotive, and instantly killed. The testimony shows without dispute that the only order given by the foreman to the men was in the first instance to move the car from the track; that Myers left of his own accord before this was accomplished, and that the foreman and one of the witnesses, Rogan, continued their efforts after Myers and others had deserted the car, to get it entirely off the track; that being unable to do this, they ceased their efforts and crossed over to the north side to be out of the way of the car when it was struck by the locomotive. Rogan, one of the workmen, testifies that when he and the foreman left the car the train was 200 feet distant. Waller, the foreman, says that when he left the car the train was about 90 feet distant. Both of these witnesses, who, it seems, left the car after Myers did, had time to reach the opposite side of the railroad and a place of safety.

The case was tried before a jury, and a verdict rendered in favor of the appellees for $2,000.

The appellant complains, in the first assignment of error, that the verdict of the jury is unsupported by the evidence in that the evidence was not sufficient to show any negligence on the part of the foreman in the manner claimed in the petition. We are of the opinion that this assignment should be sustained. When the foreman discovered the freight train approaching, it was unquestionably his duty, we think,

if he had sufficient time, to have the hand-car removed from the track. International & G. N. Ry. Co. v. Hester, 64 Texas, 401. The importance of this duty was not to be measured merely by the pecuniary value of the hand-car or the damages it might sustain by reason of a collision with the train. We can not assume that leaving a hand-car loaded as this was with a number of loose tools and implements such as are commonly used by bridge workmen, standing upon the track in front of a rapidly approaching train, might not result in serious consequences to the train and its crew. While a derailment of the train might not thereby have been caused, still had it occurred it could not be said that it was a result too remote to be considered among the reasonable and probable consequences likely to follow from such a situation. The foreman in this instance, therefore, owed a double duty; one to the company and the crew of the freight train, to remove the hand-car from the track and avoid a collision; the other to his men, not to unreasonably expose them to danger in doing so. Too much precaution to avert a danger to the men in his employ might be too great an exposure of others to the danger of a collision with the hand-car. Excessive care for the one might justly be considered a lack of proper care to avoid the other. It is true the foreman could not, under such circumstances, be expected to calculate with precision the time required to do the work that devolved upon him, or to weigh the comparative prospects of danger to the objects of his care. He was expected to exercise only ordinary care. The standard by which to determine whether or not he did exercise that degree of care for his subordinates should not, we think, be measured by the same degree of precaution which would be expected of him had there existed no conflicting duties; but his conduct should be considered in the light of the situation in which he was placed. That he should have allowed his men a reasonable time in which to escape the danger incident to removing the hand-car from the track can not be denied; but more than this would involve the neglect of another duty.

The first question is, was the foreman guilty of negligence in ordering his men to undertake the removal of the hand-car, under the circumstances shown by the evidence in this case? The most favorable witness for the appellees upon the issue of the distance of the train at the time the order was given to remove the hand-car was the foreman himself. He says the train was about 250 yards away, traveling at the rate of 18 or 20 miles an hour. The hand-car was barely moving, going not over two miles an hour. Considering the distance of the train and the number of men under his direction available for that purpose, we do not think the jury was warranted in finding that the foreman was guilty of negligence in making the effort to remove the hand-car from the track under those circumstances. It is claimed, however, that he kept them thus engaged too long, not allowing them sufficient time to reach a place of safety. The evidence, we think, warrants the conclusion that but for the fact that one of the men dropped his end of the car it would have been taken clear from the track and there would have been no danger to the men in remaining in their places beside the car. It is also shown that when the car

was dropped Myers abandoned it and ran east down the track in the same direction in which the train was moving. There is no evidence that the foreman attempted to induce him to continue working at the car after the wheel hung over the track. Waller and Rogan did continue their efforts to remove the car after Myers and the others had left. Being unable to do so, they crossed over to the opposite side as the safer place. Myers, who had more time than either of these, evidently wasted a part of it in going down the track and back again a part of the way before attempting to cross over to the opposite side. The evidence shows that he lacked only a small fraction of time in clearing the track when he was struck and killed. It is very evident that had he acted as the others did he could have crossed over in safety, or had he remained where he was on the south side of the track he would not have been injured. The only witness who testified as to the situation in which the car was left after being struck by the train, says it was merely turned over to one side. This result might have been reasonably anticipated in view of the fact that only one wheel of the car had been left upon the track. We do not think it could be claimed that the appellant's foreman negligently placed Myers in a position of peril that caused him to become bewildered and act in the manner he did. If it was the foreman's duty to attempt to remove the car under the circumstances, it was equally his duty to require those in his employ to assist. The confusion which naturally results when one is called upon to act suddenly in an emergency is frequently held to be sufficient to relieve against a charge of contributory negligence; but liability in the first instance must be predicated upon the negligence of the party sought to be held. Unless it has been shown that the foreman was negligent in placing Myers in a position of actual or apparent danger, that rule is not applicable. The evidence shows that Myers had been in the employ of the appellant company about eighteen months. He must therefore have been familiar with situations similar to this in which he was placed. When he entered the service of the appellant he assumed the risks usually and ordinarily incident to removing hand-cars from the track in front of approaching trains. The foreman was not called upon to anticipate that Myers would become bewildered and confused under those circumstances, and to make allowances for such a state of mind.

We think the testimony was insufficient to support the finding of the jury, and for that reason the judgment of the court below is reversed and the cause remanded. It is unnecessary, in view of this disposition of the case, to pass upon the other assignments.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.